McGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
CAROL S. CLARK MOBN 42670
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (415) 977-8975
    Facsimile: (415) 744-0134
    E-Mail: Carol.S.Clark@ssa.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHANNA ROBINNEIL BRITT,<br><br>    Plaintiff,<br><br>ANDREW SAUL<br>Commissioner of Social Security,<br><br>    Defendant. | No. 2:19-cv-01137-DB<br><br>**STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)** |

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses in the amount of **two thousand dollars ($ 2000.00)** under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

1

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or counsel, including counsel's firm, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of counsel and/or counsel's firm to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: *April 9, 2020*   By:   /s/ *Dominique Venna Ramer*
DOMINIQUE VENNA RAMER
Attorney for Plaintiff (signature authorized by email on April 9, 2020

Dated: *April 9, 2020*   NICOLA T. HANNA

<pre>
                United States Attorney
                DAVID M. HARRIS
                Assistant United States Attorney
                Chief, Civil Division
                CEDINA M. KIM
                Assistant United States Attorney
                Senior Litigation Counsel, Civil Division

          By:   /s/ Carol S. Clark
                CAROL S. CLARK
                Special Assistant United States Attorney
</pre>

**ORDER**

Pursuant to the parties' stipulation, IT IS SO OREDERED.

DATED: April 10, 2020          /s/ DEBORAH BARNES
                               UNITED STATES MAGISTRATE JUDGE